**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MOHAMED S. YASIN

               Plaintiff,

v.

SAJEDA JAMHOUR, et al,

               Defendants.

Civil Action No. 25-02389 (SDW) (JRA)

**OPINION**

March 6, 2026

**WIGENTON**, District Judge.

Before this Court are three motions to dismiss Plaintiff Mohamed S. Yasin's Amended Complaint (D.E. 16 ("Am. Compl.")) for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendants: the Passaic County Sheriff's Office (the "PCSO"); the Passaic County Prosecutor's Office (the "PCPO"); and Defendants the City of Paterson, the City of Paterson Police Department, Officer Abdalaziz Yousef, Detective Sharom Mallqui, Sergeant Jason English, Detective Sergeant Michael McDonald and Lieutenant Abdelmonim Hamdeh (collectively, the "Paterson Defendants"). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motions to Dismiss are **GRANTED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The instant matter arises from the death of Plaintiff's brother, Nadil Yasin ("Mr. Yasin"), and the subsequent police investigation of Mr. Yasin's death. According to Plaintiff, in the month preceding his death, Mr. Yasin and his then-wife, Sajeda Jamhour ("Jamhour") were involved in

1

intense marital disputes.  (Am. Compl. ¶ 15.)  After Mr. Yasin initiated divorce proceedings against Jamhour, Jamhour allegedly threatened to kill him, which left Mr. Yasin with a "genuine fear for his life."  (*Id.*  ¶¶ 16–18.)  Subsequently, on April 9, 2023, Plaintiff alleges that Mr. Yasin was found deceased in his home "under highly suspicious circumstances."  (*Id.* ¶ 12.)  When Paterson Police Department officers arrived at the scene, the investigating officers did not treat Jamhour as a suspect and allegedly failed to secure the crime scene properly.  (*Id.*  ¶¶ 26–32.)   Defendant Officer Abdalaziz Yousef was the first to arrive at the scene.  (*Id.*)  Plaintiff alleges that the inadequate investigation was due to Officer Abdalaziz Yousef having engaged in an extramarital affair with Jamhour.  (*Id.*  ¶¶ 43–44.)  Several days after Mr. Yasin's death, Jamhour fled to the State of Palestine.  (*Id.* ¶ 37.)

Based on the foregoing, Plaintiff initially filed a complaint in this Court on April 7, 2025. (D.E. 1.)  Plaintiff then filed an Amended Complaint on August 18, 2025.  (D.E. 16.)  The Amended Complaint asserts claims for: (1) 42 U.S.C. § 1983 deprivation of constitutional rights; (2) violations of the New Jersey Civil Rights Act (the "NJCRA"); (3) wrongful death pursuant to the New Jersey Wrongful Death Act, N.J. Stat. Ann. §§ 2A:31-1 to -6; and (4) the New Jersey Survivor's Act, N.J. Stat. Ann. § 2A:15-3.  Defendants subsequently moved to dismiss the Amended Complaint.  (D.E. 22, 26, 28.)  All briefing was timely completed.

## II.    <u>LEGAL STANDARD</u>

To  withstand  a motion to dismiss under Rule  12(b)(6),  "a  complaint  must  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

III.    **DISCUSSION**

A. **The PCSO's Motion to Dismiss**

The PCSO moves to dismiss Plaintiff's Amended Complaint asserting that the Amended Complaint fails to set forth any factual allegations suggesting that the PSCO was involved in the death of Mr. Yasin or the investigation of the same. This Court agrees with the PCSO.

Plaintiff's claims against the PCSO fail to comply with Rule 8. Rule 8 requires a complaint to be simple, concise, direct, and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). With regard to Rule 8, it appears that Plaintiff alleges that the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act. On the other hand,

3

it also appears that Plaintiff is alleging that the Paterson Defendants committed a wrong but somehow all of the Defendants are responsible. (*See e.g.*, Am. Compl. ¶¶ 55, 62.)  There are no specific factual allegations as to the PCSO's involvement in the death of Mr. Yasin or the investigation of the same.  Rather, Plaintiff relies on nothing more than improper group pleading, stating that "all captioned Defendant law enforcement agencies" are liable without specifying which Defendants engaged in what wrongful conduct.  *See Roman v. Cnty. of Hudson*, No. 23-2811, 2024 WL 1757150, at *7 (D.N.J. Apr. 23, 2024); *see also In re Ojo*, No. 21-11357, 2021 WL 3732904, at *2 (D.N.J. Aug. 23, 2021) ("When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants 'who occupied different positions and presumably had distinct roles in the alleged misconduct' without specifying 'which defendants engaged in what wrongful conduct.' ") (citing *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013)).

Next, it is well established that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to survive a motion to dismiss under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff's Amended Complaint is ripe with conclusory allegations that fail to connect the PCSO to the alleged wrongdoing in a manner sufficient to put them on notice of what the PCSO is alleged to have done.  Although the PCSO is a named Defendant, Plaintiff fails to mention the PCSO throughout any of the Amended Complaint's factual allegations.  Notwithstanding, Plaintiff inappropriately attempts to assert additional facts regarding the PCSO's involvement in his opposition.  Plaintiff cannot cure deficiencies in his Amended Complaint in this manner. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (citing *Com. of Pa. ex rel. Zimmerman v.*

*PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).  Accordingly, Plaintiff's claims against the PCSO are dismissed.

### B. The Paterson Defendant's Motion to Dismiss

### i.   Deprivation of Constitutional Rights (Counts I and II)

#### a)  Individual Defendants

Counts I and II of the Amended Complaint assert claims under 42 U.S.C. § 1983 and the NJCRA, alleging that the Paterson Defendants violated Plaintiff's constitutional rights.  To state a § 1983 claim, a plaintiff must plead deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law.  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  The NJCRA was modeled after 42 U.S.C. § 1983 and courts in this district have interpreted the NJCRA analogously to § 1983.  *See e.g. Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 121 (D.N.J. 2017); *Coles v. Carlini*, 162 F. Supp. 3d 380, 405 (D.N.J. 2015); *see also Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (collecting cases).  Since the NJCRA is interpreted analogously to § 1983, NJCRA claims "rise and fall with the parallel § 1983 claims."  *See Southey v. Twp. of Vernon*, No. 21-11844, 2025 WL 1341742, at *10 (D.N.J. May 7, 2025) (citing *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 n.4 (3d Cir. 2023)).

Here, Plaintiff contends that Officer Abdalaziz Yousef, Detective Sharom Mallqui, Sergeant Jason English, Detective Sergeant Michael McDonald and Lieutenant Abdelmonim Hamdeh (the "Individual Defendants") violated his constitutional rights by failing to conduct an adequate investigation into the death of Mr. Yasin.  However, at the outset, this Court notes that Plaintiff's claims against the Individual Defendants suffer the same pleading defects as his claims against the PCSO.  With the exception of Officer Abdalaziz Yousef, the Individual Defendants are

named as defendants, but Plaintiff fails to state how each Defendant violated his constitutional rights.  Plaintiff merely states that the Individual Defendants are liable without identifying the conduct of each individual officer.  *See Est. of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005) ("To prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights.")  Again, Plaintiff relies on impermissible group pleading, which fails to satisfy the pleading standards articulated in *Iqbal/Twombly*.

Plaintiff also does not adequately plead a cause of action against the Individual Defendants because Plaintiff fails to demonstrate a constitutional violation as there is no recognized constitutional right to a criminal investigation.  *See Murphy v. Middlesex Cnty.*, 361 F. Supp. 3d 376, 391 (D.N.J. 2019) (citing *Fuchs v. Mercer Cnty.*, 260 Fed. App'x. 472, 475 (3d Cir. 2008)); *see also Ogrod v. City of Philadelphia*, 598 F. Supp. 3d 253, 268 (E.D. Pa. 2022) ("[C]ourts in [the Third] Circuit have stated without qualification that 'there is 'no constitutional right to a police investigation.' ") (collecting cases).  Accordingly, Plaintiff's constitutional claims against the Individual Defendants are dismissed.

### b)  *Monell* **Liability**

When a suit against a municipality is based on § 1983, the municipality can only be liable when "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  A government policy or custom can be established in two ways:

> Policy is made when a 'decisionmaker possessing final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law,

> 'such practices of state officials are so permanently and well-settled'
> as to virtually constitute law.

*McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (internal citation omitted).  A custom requires proof of knowledge and acquiescence by the decisionmaker.  *Id.* (citing *Watson v. Abington Twp.*, 478 F.3d 144, 154 (3d Cir.2007)).

This Court finds that Plaintiff has not adequately pleaded facts sufficient to impose liability on the City of Paterson.[1]  Here, dismissal of Plaintiff's *Monell* claim is warranted because Plaintiff has not set forth facts demonstrating a constitutional violation.  Next, Plaintiff fails to specify the relevant "custom" or "policy."  *See* McTernan, 564 F.3d at 658 ("To satisfy the pleading standard, [Plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.").  Moreover, even if Plaintiff had done so, Plaintiff does not identify a single decisionmaker with final authority or alleges any pattern of similar incidents as a result of the purported policy or custom.  Plaintiff's allegations are entirely conclusory and lack any factual support.  Therefore, Plaintiff's *Monell* claim is dismissed.

### ii.    New Jersey's Wrongful Death Act and Survivor Act (Counts III and IV)

Plaintiff's Amended Complaint asserts claims for relief under both the New Jersey Wrongful Death Act ("WDA"), N.J. Stat. Ann. §§ 2A:31-1 to -6, and the New Jersey Survivor's Act, N.J. Stat. Ann. § 2A:15-3.  To support a wrongful death action, there must be a "death ... caused by a wrongful act ... such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury."  N.J. Stat. Ann. § 2A:31–1; *Aronberg v. Tolbert*, 25 A.3d 1121, 1128 (N.J. 2011).  Likewise, under the Survivor's Act, a claim may be pursued by the decedent's estate if there was a "wrongful act ... where death resulted from injuries

---

[1] The Amended Complaint names both the City of Paterson and the City of Paterson Police Department as Defendants. However, for purposes of § 1983 liability, municipalities and their police departments are treated as a single entity. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 430 (D.N.J. 2011)

for which the deceased would have had a cause of action if he had lived." N.J. Stat. Ann. § 2A:15–3; *Tolbert*, 25 A.3d at 1130. Here, Plaintiff has failed to sufficiently plead a cause of action under New Jersey's Wrongful Death Act and Survivor's Act. Critically, Plaintiff does not allege that any of the Paterson Defendants committed a "wrongful act" that caused Mr. Yasin's death. Accordingly, Counts III and IV are dismissed.

### C. The PCPO's Motion to Dismiss

The PCPO contends that Eleventh Amendment immunity bars all federal claims brought against them. (D.E. 28-1 at 14.) Plaintiff counters that Eleventh Amendment sovereign immunity does not apply because the PCPO fails to satisfy the *Fitchik* factors.

The Eleventh Amendment may bar an action even where a state is not a named party; it extends to state agencies and state officers, "as long as the state is the real party in interest." *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014). To determine whether a state-affiliated entity is entitled to Eleventh Amendment immunity, courts apply a three part test, also referred to as the "*Fitchik* factors": "(1) whether the money that would pay any judgment would come from the state; (2) the status of the agency under state law; and (3) the degree of autonomy possessed by the agency." *Allen v. New Jersey State Police*, 974 F.3d 497, 505 (3d Cir. 2020); *see also Lagano*, 769 F.3d at 857-58 ("We therefore conclude that *Fitchik* provides the proper framework for analyzing Eleventh Amendment sovereign immunity as it applies to county prosecutors....").

First, *Fitchik* factor one asks whether the State of New Jersey would find itself responsible for damages if Plaintiff prevailed in this case. The New Jersey Supreme Court has ruled definitively that when county prosecutors act in their law enforcement or investigatory capacity, "they act as 'agents' and 'officers' of the State, qualifying as State employees for the purpose of

determining vicarious liability. *See Wright v. State*, 778 A.2d 443, 462 (N.J. 2001). Here, Plaintiff contends that the PCPO performed administrative tasks, which would mean the PCPO acted as county officials rather than agents of the State. (D.E. 36 at 12.) However, Plaintiff's allegations are premised on the PCPO's alleged inactions that clearly relate to the PCPO's authority to investigate and enforce the criminal laws of the State of New Jersey as delegated by the State Legislature, thereby making the PCPO an "agent" or "officer" of the State. Therefore, the first *Fitchik* factor is satisfied.

Next, the second factor concerns the status of the PCPO under state law. *See Fitchik*, 873 F.2d at 659. "The office of county prosecutor in the State of New Jersey is a constitutionally established office." *Wright*, 778 A.2d at 452 (internal quotation marks omitted); N.J. Const. art. VII, § 2, ¶ 1 ("County prosecutors shall be nominated and appointed by the Governor with the advice and consent of the Senate. Their term of office shall be five years, and they shall serve until the appointment and qualification of their respective successors."). Accordingly, the PCPO's status as a "constitutionally established office" satisfies the second *Fitchik* factor.

Lastly, the third Fitchik factor considers the degree of the PCPO's autonomy from the State. *See Fitchik*, 873 F.2d at 659. That factor is satisfied where, as here, "a county prosecutor acting with prosecutorial authority is not an autonomous entity separate from the State." *Est. of Bardzell v. Gomperts*, 515 F. Supp. 3d 256, 269 (D.N.J. 2021), *aff'd*, No. 21-1906, 2022 WL 843483 (3d Cir. Mar. 22, 2022), and *aff'd*, No. 21-1906, 2022 WL 843483 (3d Cir. Mar. 22, 2022). In *Wright*, the New Jersey Supreme Court explained that a prosecutor whose actions involve enforcing criminal laws is not autonomous from the State as "the [State] Attorney General has the ultimate responsibility in matters related to the enforcement of the State's criminal laws that have been legislatively delegated to county prosecutors." 778 A.2d at 464 (citing N.J. Stat. Ann. 52:17B–

9

98; N.J. Stat. Ann. 52:17B–103). Here, the third factor is satisfied as the PCPO lacks autonomy when enforcing criminal laws.

Based on the *Fitchik* factors, this Court finds that the PCPO is entitled to sovereign immunity under the Eleventh Amendment. As such, as to the PCPO, Plaintiff's federal and state claims are dismissed. *See Allen v. New Jersey State Police*, 974 F.3d 497, 505 (3d Cir. 2020) (stating that there is no exception to Eleventh Amendment immunity for plaintiffs who bring state law claims against a state entity) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (recognizing that Eleventh Amendment immunity applies to state law claims in addition to federal claims)).

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Motions to Dismiss are **GRANTED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

<u>/s/ *Susan D. Wigenton*</u>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties

10